UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-4064-RAO Date: August 14, 2026
Title: Marlon Jose Cano-Mendoza v. Warden, Adelanto ICE Processing Center et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| | |
|---|---|
| C. Delgado | N/A |
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

Petitioner Marlon Jose Cano-Mendoza, represented by counsel, is a citizen of Nicaragua currently in immigration custody within this District. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 21, 2026 ("Petition"). Dkt. No. 1 ("Pet."). The instant matter is a second Section 2241 petition. Petitioner previously filed a habeas petition on June 28, 2026. *Cano-Mendoza v. Warden Adelanto ICE Processing Center*, No. 5:26-cv-3570-RAO (C.D. Cal. June 28, 2026). In that prior habeas action, the Court ordered that Petitioner be provided with a bond hearing. Pet. at 6. Consistent with the Court's order, an immigration judge conducted a bond hearing on July 20, 2026, and denied Petitioner's release on the ground of risk of flight. *Id*. The Petition does not state whether Petitioner has appealed the immigration judge's decision. Petitioner claims that his Fifth Amendment due process rights were violated when Respondents revoked his release and re-detained in April 22, 2026.[1] Pet. at 7. Petitioner seeks immediate release and reinstatement of the conditions of his release prior to his April 22, 2026 detention. *Id*. at 9.

Respondents filed their Answer on July 28, 2026. Dkt. No. 8 ("Ans."). The Answer argues that Petitioner received a legally adequate bond hearing under the factors enumerated in *Matter of Guerra*, 24 I&N Dec. 37 at 40 (BIA 2006). *Id*. at 2-3. Additionally, the Answer contends that

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the docket in Case No. 5:26-cv-3570-RAO.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-4064-RAO | Date: | August 14, 2026 |
| Title: | Marlon Jose Cano-Mendoza v. Warden, Adelanto ICE Processing Center et al. | | |

Petitioner should pursue relief through administrative exhaustion and argues that the factors under *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), weigh against permitting Petitioner to bypass the exhaustion remedies available to him. *Id*. at 3-6. Respondents attach to their Answer a copy of the immigration judge's order. Dkt. No. 8-1.

Petitioner did not file a reply.

## II. LEGAL STANDARD

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *see Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241 "expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).

## III. ANALYSIS

As a threshold matter, the Court surmises that Petitioner is not challenging the immigration judge's July 20, 2026 decision to deny bond. Rather Petitioner is attacking his earlier detention on April 22, 2026. Pet. at 7-8. Accordingly, Respondents arguments regarding failure to exhaust are inapposite.

The Petition claims that the revocation of Petitioner's parole and release on Alternatives to Detention without prior written notice on April 22, 2026, deprived him of his due process rights. Pet. at 5. Even assuming that Petitioner is correct, release from his present custody is not the remedy for this violation. A petition for writ of habeas corpus is a challenge to a petitioner's *present* custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *L-J-P-L v. Wamsley*, 2025 WL 2430268, at *6 & n.3 (D. Or. Aug. 22, 2025) (defects in initial arrest and detention "are not appropriately raised in a habeas petition, which consider the lawfulness of a continuing detention"); *Mynor v. Johnson*, No. CV 5:26-2006-RGK-SK, *report and recommendation issued* June 3, 2026 ("The writ of habeas corpus tests the lawfulness of present executive custody—not every alleged defect in how the government first apprehended and held a person."), *adopted*, July 7, 2026.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-4064-RAO | Date: | August 14, 2026 |
| Title: | Marlon Jose Cano-Mendoza v. Warden, Adelanto ICE Processing Center et al. | | |

Additionally, Courts in this Circuit have held that, irrespective of other alleged legal errors, petitioners are not entitled to habeas relief when an immigration judge finds a separate basis for their detention and that basis is unchallenged. *See Vasquez Garcia v. Hermosillo*, 2026 WL 81783, at *2 (W.D. Wash. Jan. 12, 2026) (concluding that the immigration judge's alternative determination that a petitioner presents a flight risk was an unchallenged legal basis for detention and denying habeas petition); *Aburto Lopez v. Scott*, No. CV 25-2597-TMC, 2026 WL 194234, at *2 (W.D. Wash. Jan. 26, 2026) (same); *Rivas Campos v. Chestnut*, No. CV 26-1330-DJC (SCR), 2026 WL 1816190, at *7 (E.D. Cal. June 24, 2026) (similar), *report and recommendation adopted*, 2026 WL 1899541 (E.D. Cal. July 1, 2026). The immigration judge's order on July 20, 2026, detaining petitioner became the basis for his current custody, superseding the prior arrest on April 22, 2026, as the basis for custody. *Thiravong v. Scott*, 2026 WL 1382356, at *2 (W.D. Wash. May 18, 2026) ("Even if Petitioner is correct that his redetention violated the applicable regulations and did not provide due process, habeas relief is unavailable because his claims have been mooted by a subsequent, unchallenged basis for detention."). Accordingly, the Court denies the Petition.

## IV. CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is DENIED without prejudice.

**IT IS SO ORDERED.**